UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 20 2008
CLERK

| | | |
|---|---|---|
| ELLIS JORDAN, | ) | CIV 08-4080-RHB |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| ARCHIE LONGLEY, Warden, | ) | |
| Respondent. | ) | |

On June 12, 2008, Ellis Jordan (Jordan) filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Jordan alleges that the Bureau of Prisons, acting through the warden, Archie Longley, has violated his rights by failing to transfer him to a facility which is in closer proximity to his family and provides the educational training he desires to receive. The matter was referred to the magistrate judge on June 17, 2008. A response to the petition was filed on July 3, 2008. On August 28, 2008, Magistrate Judge Veronica Duffy filed a report and recommendation in which she recommended that the matter be dismissed. Jordan objects to the recommendation.

Jordan was remanded to the custody of the Attorney General by the United States District Court for the Eastern District of Wisconsin in 2003. Petition, ¶ 2. He is scheduled for release in 2016, provided he receives his good time credits. Id. In July of 2006, Jordan was transferred to the Yankton Prison Camp. Id. Jordan, however, requested that he be transferred to the facility in Montgomery, Alabama, as it is closer to his father's residence and because the facility in Montgomery provides educational training that he is interested in receiving. Id. at ¶ 3-4. The Bureau of Prisons (BOP) denied his request for a transfer. Id.

at ¶ 4.

In response to the petition, Warden Longley states the regulations require that an inmate be placed within 500 miles of his release residence. As Jordan lived in Wisconsin for approximately 30 years prior to his conviction and given that he was sentenced in Wisconsin, his release residence is considered to be Wisconsin. To be released to serve a term of supervised release in another district requires the approval of the United States Probation Office and the United States District Court. Warden Longley notes that Jordan's release date is not expected for another eight years and suggests that this request is somewhat premature.

In a thorough report and recommendation, the magistrate judge found Jordan does not have a constitutional right to placement at, or transfer to, a particular facility. Moreover, the magistrate judge determined that there is no statutory right for an inmate to be placed at the facility of his choice. As a result, the magistrate judge concluded that Jordan failed to allege the violation of a constitutional or statutory right and recommended that his petition be dismissed.

Jordan filed a document entitled "Response to Report and Recommendation," in which he sets forth the BOP regulations dealing with transfers and the provision of educational opportunities for inmates. He also cites the Age Discrimination in Employment Act. Jordan does not specify which portions of the magistrate judge's report and recommendation to which he objects. Rather, he argues that although the Yankton facility offers a variety of programs, those programs are geared towards younger inmates and reasserts his claim that the denial of his request for transfer violates his rights.

The Court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). After a careful de novo review of the record, the Court accepts the findings and recommendations of the magistrate judge.

The Court concludes, as did the magistrate judge, that Jordan does not have a constitutional right to be placed at a facility of his choosing. See Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). Additionally, the statutes and regulations regarding the placement of an inmate to do not create a right for Jordan to be placed in the facility of his choosing. Furthermore, it is undisputed that the Yankton facility provides a variety of educational opportunities in fulfillment of its obligations under the BOP regulations. Jordan does not have a right to receive any specific training. Accordingly, it is hereby

ORDERED that the report and recommendations of the magistrate judge is adopted by this Court.

IT IS FURTHER ORDERED that plaintiff's petition for writ of habeas corpus (Docket #1) is dismissed.

Dated this 20th day of October, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE